# Exhibit 5

to Declaration of Neil Anthony Golding in Support of Ex Parte Application for Discovery Order Pursuant to 28 U.S.C. § 1782

MORRISON | FOERSTER

A LIMITED LIABILITY PARTNERSHIP

THE SCALPEL
52 LIME STREET
LONDON EC3M 7AF
UNITED KINGDOM

TELEPHONE: +44 20 7920 4000
FACSIMILE: +44 20 7496 8500

WWW.MOFO.COM

MORRISON & FOERSTER (UK) LLP

BEIJING, BERLIN, BOSTON, BRUSSELS,
DENVER, HONG KONG, LONDON,
LOS ANGELES, NEW YORK, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI,
SINGAPORE, TOKYO, WASHINGTON, D.C.

4 November 2021

Writer's Direct Contact
+44 (207) 9204063
GAnderson@mofo.com

Our ref: 29516/506

**BY EMAIL**: neil.golding@freshfields.com

Freshfields Bruckhaus Deringer LLP
100 Bishopsgate
London
EC2P 2SR

Attn: Neil Golding

Dear Sirs,

**Letter to 'SoftBank Group' dated 7 October 2021**

1. We write further to your letter dated 7 October 2021 (the "**Letter**") and our letter dated 18 October 2021 in which we confirmed that we represent SoftBank Group Corp ("**SBG**"). Unless otherwise stated, capitalised terms in this letter have the same meaning as is given to them in the Letter.

2. Despite the attempts in the Letter to conflate the so-called '*SoftBank Entities*', SBG is a distinct legal entity from the other entities listed in Schedule 1 to the Letter. The purported attribution of knowledge to SBG at, for example, paragraphs 83 and 85 of the Letter is, therefore, misconstrued.

3. The *"potential claims the Fund may have against one or more of the SoftBank Entities and/or relevant individuals"* referenced at paragraphs 94 and 95 of the Letter ("**Potential Claims**") are wholly without merit. To the extent that the Potential Claims are directed at SBG they are denied.

4. SBG is not obliged to, and will not, respond to the requests for information and documentation in paragraphs 97 and 98 of the Letter, which requests are a transparent fishing expedition on the part of your client. Similarly, SBG does not intend to engage with the extensive matters and allegations addressed in the Letter. For the avoidance of doubt, SBG does not admit any of the matters or allegations in the Letter and reserves its rights to make future representations in relation to them should the Potential Claims be pursued.

Authorised and regulated by the Solicitors Regulation Authority

A list of Partners of Morrison & Foerster (UK) LLP, a Delaware Limited Liability Partnership,
(registered number 4569482 8100 080747141) is available at our offices.

MORRISON | FOERSTER
A LIMITED LIABILITY PARTNERSHIP

4 November 2021
Page Two

5. Without limitation to paragraph 4 above:

   a. Contrary to the suggestion in paragraphs 7 of the Letter, SBG did not provide "*credit support*" to any Greensill entity in relation to Katerra.

   b. Contrary to the suggestion at paragraph 85 of the Letter, SBG did not know and ought not to have known that *"the effect of the CEA and the related transactions in connection with Katerra's restructuring and refinancing would be to violate the rights of the Note Trustee in respect of the Notes and to inevitably cause loss to the Fund"*.

      i. SBG was not a party to the Convertible Note transaction referenced at paragraph 63 of the Letter, by which SVF II Wyatt Subco (Singapore) Pte Ltd ("**SVF II**") subscribed for US$440 million of unsecured convertible loan notes with a right to acquire stock in Greensill Parent.

      ii. SBG, nevertheless, understood that, in exchange for the US$440 million received by Greensill pursuant to the Convertible Note, Greensill agreed to assume all risk on the Katerra Notes and manage their recoveries. That understanding was consistent with the terms of the Omnibus Deed which provided that Greensill would assume any and all losses in respect of the Katerra Notes and account to SVF II for any amounts recovered. In order to do so Greensill would have to repurchase the Katerra Notes from your client. SBG only became aware in January 2021 that the US$440 million had not been used by Greensill to repurchase the Katerra Notes.

      iii. By clause 6.1(c)(iii) of the November Omnibus Deed and the December Omnibus Deed, Greensill warranted that the "*entry into and performance by it of, and the transactions contemplated by, this Deed do not and will not conflict with…(iii) any agreement or instrument binding upon it or any of its assets or constitute a default or termination event (however described) under any such agreement or instrument.*". Based on this warranty, SBG was entitled to assume that Greensill would ensure that its obligations under the Katerra restructuring were consistent with its other obligations generally, including any to your client under the Notes.

6. All of SBG's rights in respect of the Potential Claims and the other matters set out in the Letter (including as to jurisdiction) are reserved. SBG does not submit to the jurisdiction of the English Courts. SBG reserves its right to refer to this letter on the question of costs should the Fund take further steps to pursue the Potential Claims against SBG.

4 November 2021
Page Three




Yours faithfully,

*Morrison & Foerster (UK) LLP*

**Morrison & Foerster (UK) LLP**