UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re* Application of Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance Fund,

Applicant.

Case No. 3:21-mc-80308-JCS

STIPULATED PROTECTIVE ORDER

Judge: Hon. Joseph C. Spero

1.   <u>PURPOSES AND LIMITATIONS</u>

The subpoena in this discovery proceeding under 28 U.S.C. § 1782 ("Subpoena") may require the production of confidential information in the form of trade secrets or other confidential business, personal, and/or technical information.   Accordingly, Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance Fund ("Credit Suisse Virtuoso") and SB Investment Advisers (US) Inc. ("SBIA") (collectively, "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter, "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>1782 Proceeding</u>: *In re* Application of Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance Fund (Case No. 3:21-mc-80308-JCS).

2.2   <u>Affiliated House Counsel</u>: attorneys who are employed by an affiliate of a Party.

Affiliated House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.3    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.4    "CONFIDENTIAL" Information or Items: information or material that a Designating Party believes, in good faith, embodies, contains, reflects, or refers to confidential information or material that is used by the Designating Party in, or pertaining to, its business, which information or material is not generally or publicly known and which the Designating Party would normally not reveal to third parties, including but not limited to confidential research, development, commercial, proprietary, technical, business, financial, sensitive, or private information or material.  For the avoidance of doubt, this definition is not intended to, and does not, expand the scope of materials that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5    Confidential Material: Disclosure or Discovery Material that is designated as "CONFIDENTIAL".

2.6    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.7    Court: this Court.

2.8    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10   Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Litigation.

2.11   Foreign Court: the Chancery Division of the English High Court.

2.12    Foreign Action: the proceedings in the Financial List of the Chancery Division of the English High Court with claim number FL-2022-000014.

2.13    "GLAS" means GLAS Trust Corporation Limited in its capacity as Note Trustee for the holders of notes issued by Hoffman S.à.r.l. through its Compartment MZ.

2.14    Greensill: Greensill Capital Pty Ltd.

2.15    Highly Confidential AEO Material: Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.16    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: documents, testimony, information, or other material that is of such a private, sensitive, competitive or proprietary nature (such as trade secrets) that disclosure to persons other than those identified in paragraph 7.3(a)-(j) below is highly likely to cause significant harm to the business or competitive position of the Designating Party's business.

2.17    House Counsel: attorneys who are employees of Credit Suisse Virtuoso, SBIA or GLAS.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.18    Katerra: Katerra Inc.

2.19    Litigation: the 1782 Proceeding and the Foreign Action.

2.20    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.21    Outside Counsel of Record: attorneys, solicitors, barristers and any other legal advisers who are not employees of a Party to this Litigation but are retained (now or in the future) to represent or advise a Party to this Litigation and have appeared (now or in the future) in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.22    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.23    Producing Party: SBIA.

2.24    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing,

or retrieving data in any form or medium) and their employees and subcontractors.

2.25 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.26 <u>Receiving Party</u>: Credit Suisse Virtuoso.

2.27 <u>Vision Funds</u>: SoftBank Vision Fund I and SoftBank Vision Fund II.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

For the avoidance of doubt, rules, agreements or orders in the Foreign Action may restrict the use or disclosure of information or Protected Material produced pursuant to the Subpoena even if such use or disclosure is not restricted under this Order.

4. <u>DURATION</u>

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Foreign Action; and (2) final judgment in the Foreign Action after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

    5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) For information in documentary form (*e.g.*, paper or electronic documents), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  A Party or

Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    Redaction of Non-Responsive Information.  SBIA is permitted to redact information in Protected Material that relates solely to investments by the Vision Funds in portfolio companies other than Katerra or Greensill, provided that such redacted information is otherwise not responsive to the Subpoena, and has only been captured in the production because it was included in a document or family of documents that included responsive information.  The process set forth in Section 6, below, shall apply to any instances where Credit Suisse Virtuoso believes in good faith that SBIA has redacted

information relating to Katerra or Greensill, or information otherwise responsive to the Subpoena.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.   The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in

the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Litigation, as well as partners

8

and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Litigation;

(b) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(c) Affiliated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Litigation (with the express understanding that such Affiliated House Counsel will not use such Material or information contained therein for any purpose other than in connection with this Litigation);

(d) officers, directors, employees, and consultants of Credit Suisse Virtuoso's fund manager (Credit Suisse Fund Management S.A.), Credit Suisse Virtuoso's portfolio manager (Credit Suisse Asset Management (Schwiez) A.G.), and any other parent, subsidiary, or affiliate of Credit Suisse Virtuoso to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(e) officers, directors, employees (including House Counsel) and Outside Counsel of Record in the Litigation (to the extent said Outside Counsel of Record is different to the Receiving Party's Outside Counsel of Record in the Litigation, including partners and employees of said Outside Counsel of Record) of GLAS, or other outside counsel advising GLAS in connection with the Litigation, to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(f) Experts (as defined in this Order) of the Receiving Party or of GLAS to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(g) the Court and its personnel;

(h) the Foreign Court and its personnel;

(i) court reporters and their staff;

(j) Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(k) the author or recipient of the Confidential Material or a custodian or other person who otherwise possessed the Confidential Material or knew the information reflected therein;

(l) witnesses in the Foreign Action to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court; and

(m) other parties to the Foreign Action to the extent necessary to fulfill any Party's or GLAS's disclosure obligations in the Foreign Action or for the purposes of otherwise complying with an order of the Foreign Court in the Foreign Action, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this proceeding or the Foreign Action, as well as employees or partners of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this proceeding or the Foreign Action;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Litigation (with the express understanding that House Counsel will not use such Material or information contained therein for any purpose other than in connection with this Litigation);

(c) Affiliated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Litigation (with the express understanding that Affiliated House Counsel will not use such Material or information contained therein for any purpose other than in connection with this Litigation);

(d) Outside Counsel of Record for GLAS in the Litigation (to the extent said Outside Counsel of Record is different to the Receiving Party's Outside Counsel of Record in the Litigation, including partners and employees of said Outside Counsel of Record) to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(e) House Counsel of GLAS, or other outside counsel advising GLAS in connection with the Litigation, to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(f) Experts of the Receiving Party or GLAS to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court;

(g) the Court and its personnel;

(h) the Foreign Court and its personnel;

(i) court reporters and their staff;

(j) Professional Vendors to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an

analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court; and

(k) the author, recipient, or custodian of the Highly Confidential AEO Material;

(l) witnesses in the Foreign Action to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court, provided, however, that such witnesses shall not retain copies of the Highly Confidential AEO Material; and

(m) other parties to the Foreign Action to the extent necessary to fulfill any Party's or GLAS's disclosure obligations in the Foreign Action or for the purposes of otherwise complying with an order of the Foreign Court in the Foreign Action, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court.

8.      CONDITIONS ON ACCESS TO PROTECTED MATERIAL

8.1.    Conditions for Persons Subject to the Jurisdiction of this Court.  Each person who is required under Section 7 to sign the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and who agrees to be subject to the jurisdiction of this Court for purposes of enforcement may receive Protected Material as soon as the "Acknowledgment and Agreement to Be Bound" is signed.

8.2.    Conditions for Persons Subject to the Jurisdiction of the English Court.  Each person who is required under Section 7 to sign the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A and who does not agree to be subject to the jurisdiction of this Court, but does agree to be subject to the jurisdiction of the Foreign Court for purposes of enforcement may only receive Protected Material once:

(a) this Order is entered by the Foreign Court as an order of the Foreign Court in the Foreign Action on the same terms as are reflected herein, and the person has signed the "Acknowledgment and Agreement to Be Bound," or

(b) SBIA and the parties to the Foreign Action agree to some alternative order or mechanism established by the Foreign Court, such as a "confidentiality club," protecting (on terms broadly equivalent to the terms of this Order) the confidentiality of Protected Material that Credit Suisse Virtuoso or its counsel wishes to share with individuals or entities that do not agree to be subject to the jurisdiction of this Court.  For the avoidance of doubt, SBIA is not required to agree to an alternative order or mechanism established by the Foreign Court if the terms of that alternative order or mechanism, in SBIA's reasonable view, are not broadly equivalent to the terms of this Order. Credit Suisse Virtuoso shall be responsible for taking steps to accomplish subsections (a) or (b), above, and SBIA agrees to cooperate in good faith as necessary in connection therewith.

8.3.   Acknowledgement that Credit Suisse Virtuoso is Responsible for Credit Suisse Personnel.  Section 7 permits Protected Material to be disclosed to various categories of Credit Suisse personnel who are not employed by Credit Suisse Virtuoso.  Credit Suisse Virtuoso expressly acknowledges and agrees that it is responsible for ensuring that all Credit Suisse personnel comply with this Order, and that Credit Suisse Virtuoso may be subject to sanctions in respect of any breach by Credit Suisse personnel.

9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or

court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A or an analogous document agreed to by the Parties subjecting persons or entities receiving Protected Material to the jurisdiction of the Foreign Court.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL

Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity prior to the disclosure of any such documents or material. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall, within seven (7) business days upon discovery of the disclosure, so advise the Receiving Party in writing, and request the information be returned.  If that request is made, no Party to this Litigation shall thereafter assert on

this basis that the disclosure waived any privilege or immunity.  If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

Except as provided below, when a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than three (3) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived.  The cost, if any, for excising such documents or materials by the Receiving Party shall be borne by the Producing Party.  Notwithstanding this provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery backup system.

In the event there is a dispute about whether the document(s) or information at issue are protected from disclosure by privilege or protection from discovery, the Receiving Party shall destroy all documents identified by the Producing Party within three (3) days of receipt of notice that the document(s) or information were inadvertently produced, but may retain one copy of any such document(s) or information solely for the purpose of meeting and conferring with the Producing Party regarding the claim of privilege.  If the dispute is not resolved within 14 days of the Producing Party's notification, the Receiving Party may seek relief from the Court for a determination of the claim of privilege.  The Party challenging the privilege determination may not disclose the document or information over which privilege has been claimed in any way when seeking relief from the Court, unless the Court orders otherwise, and may not use the document or information for any purpose other than in connection with challenging the privilege determination.

The Party challenging the designation may withdraw its challenge to the designation of privilege at any time.   Documents and information over which a privilege has been claimed shall remain segregated and protected against further disclosure and use during the pendency of any dispute of their status.   The Receiving Party may file a motion to compel the production of information identified by the Producing Party as privileged or protected on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this Litigation.   Any such motion shall not disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.

To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material.   Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material in this Action.</u>  Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

12.4    <u>Filing Protected Material in the Foreign Action.</u>  In the Foreign Action, the Party and its Outside Counsel seeking to file and rely on Protected Material shall take reasonable steps to make relevant requests to the Foreign Court, including, if necessary, requests for filing under seal, protective orders, or for confidential proceedings, to seek to maintain the confidentiality of information obtained pursuant to the Subpoena.  To the extent necessary, SBIA shall cooperate in the Party's efforts in making any such requests.  However, should such requests be denied, nothing in this Order prohibits a Party from filing Protected Material with a Court in the Foreign Action unless the Court in the Foreign Action orders that the Protected Material not be filed.  Nothing in this paragraph requires the Party seeking to file and rely on Protected Material to appeal the denial of such a request before filing the Protected Material, and nothing in this paragraph should be construed as preventing the Parties to the Foreign Action from collectively agreeing to an alternative arrangement for the filing of Protected Material in that Action.

12.5    <u>Waiver.</u>  Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document or other evidence.  Furthermore, nothing contained in this Order will be construed in any way as a limitation on any Party's right to object in the Foreign Action to the admissibility or evidentiary weight of any document or other evidence in the Foreign Action.

1    13.    <u>OTHER PROCEEDINGS</u>

2         The Protected Material governed by this Order may be used only in the Litigation, but not

3    in any other proceeding. By entering this Order and limiting the disclosure of information in this

4    case, the Court does not intend to preclude another court from finding that information may be

5    relevant and subject to disclosure in another case.  Any person or Party subject to this Order who

6    becomes subject to a motion to disclose another Party's Protected Material pursuant to this Order

7    shall promptly notify that Party of the motion so that the Party may have an opportunity to appear

8    and be heard on whether that information should be disclosed, as noted above in Section 9.

9    14.    <u>FINAL DISPOSITION</u>

10         Within 60 days after the final disposition of this Litigation, as defined in Section 2, each

11    Receiving Party must take reasonable steps to return all Protected Material to the Producing Party or

12    destroy such material.  As used in this subdivision, "all Protected Material" includes all copies,

13    abstracts, compilations, summaries, and any other format reproducing or capturing any of the

14    Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must

15    submit a written certification to the Producing Party (and, if not the same person or entity, to the

16    Designating Party) by the 60 day deadline that it has taken reasonable steps to return or destroy all

17    Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of

18    all pleadings, motion papers and hearing transcripts, legal memoranda, correspondence, expert reports,

19    attorney work product, and consultant and expert work product, even if such materials contain

20    Protected Material.  Any such archival copies that contain or constitute Protected Material remain

21    subject to this Protective Order as set forth in Section 4.

22    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24

25

26

27

28
                                            18

DATED:  May 1, 2023                          QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP


                                             By_____/s/ Andrew Corkhill_____
                                                ANDREW CORKHILL
                                                *Attorneys for Respondent SB Investment Advisers
                                                (US) Inc.*

DATED:  May 1, 2023                          CAHILL GORDON & REINDEL LLP


                                             By_____/s/ Tammy Roy_____
                                                TAMMY ROY
                                                *Attorneys for Petitioner Credit Suisse Virtuoso
                                                SICAV-SIF in Respect of the Sub-Fund Credit
                                                Suisse (Lux) Supply Chain Finance Fund*


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____  _____
                                             Magistrate Judge Joseph C. Spero

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *In re Credit Suisse Virtuoso SICAV-SIF in Respect of the Sub-Fund Credit Suisse (Lux) Supply Chain Finance Fund* (Case No. 3:21-mc-80308-JCS). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I also agree not to use or refer to any Protected Material, or any information contained therein, for any reason other than in connection with the Litigation, as those terms are defined in the foregoing Stipulated Protective Order.

**FOR RECIPIENTS SUBJECT TO THE JURISDICTION OF THIS COURT:**

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Litigation.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order in the United States District Court for the Northern District of California.

**FOR RECIPIENTS SUBJECT TO THE JURISDICTION OF THE FOREIGN COURT:**

I further agree to submit to the jurisdiction of the Foreign Court, as that term is defined in the foregoing Stipulated Protective Order, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of the Litigation.  I agree that, by

signing this Acknowledgment and Agreement to Be Bound, I am waiving any right to argue that the Foreign Court does not have the power to enforce the terms of this Stipulated Protective Order against me.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my English agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order in the Foreign Court.


Date: _____

City, State (if applicable) and Country where sworn and signed:

_____


Printed name: _____


Signature: _____